# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAXIMILIANO ROMERO | : | |
| Petitioner | | |
| v. | : | Civil Action No. AW-11-1806 |
| | | (Related Criminal Case AW-08-527) |
| UNITED STATES OF AMERICA | : | |
| Respondent | | |

o0o
## **MEMORANDUM**

Pending is Respondent's Motion to Dismiss the above-captioned Motion to Vacate. ECF No. 47. Petitioner has filed a Reply. ECF No. 50. There is no need for a hearing.

## Background

Petitioner was indicted on November 17, 2008, on one count of reentry of an alien deported after conviction of an aggravated felony pursuant to 8 U.S.C. §1326(a) and ((b)(2). On April 13, 2009, Petitioner pled guilty and this Court sentenced him to serve seventy-eight (78) months imprisonment on July 7, 2009. The deadline for Petitioner to file a notice of appeal was July 21, 2009. Petitioner filed a Motion to Correct Illegal Sentence on July 13, 2009, which was construed as a Motion to Correct or Reduce Sentence due to clear error under Fed. R. Crim. Proc. 35(a). The motion was denied on August 20, 2009.

On June 1, 2010, Petitioner filed a Notice of Appeal (ECF No. 28) and the Fourth Circuit Court of Appeals appointed counsel to represent Petitioner on June 11, 2010 (ECF No. 32). The government's response to the Notice of Appeal sought dismissal on the grounds it was not timely filed and because Petitioner waived his right to appeal under the plea agreement. The appeal was dismissed as untimely on January 12, 2011, with the mandate taking effect on February 3, 2011.

Petitioner filed a Motion to Vacate on June 9, 2010. ECF No. 30. On July 23, 2010, Petitioner filed a Motion to Withdraw the Motion to Vacate. ECF No. 39. The Court granted the motion on July 27, 2009. ECF No. 40. Petitioner filed the instant Motion to Vacate on June 10, 2011, in the United States District Court for the Middle District of North Carolina. ECF No. 44. The case was transferred to this Court on July 6, 2011. ECF No. 45.

Respondent asserts that the Motion to Vacate is untimely. ECF No. 47. Petitioner's conviction was final on July 21, 2009. *See* Fed. R. App. Proc. 4(b). The limitations period for filing the Motion to Vacate expired July 21, 2010, one year after Petitioner's conviction became final. Respondent states that Petitioner's untimely Notice of Appeal did not operate to toll the one year filing period and even if the period of time the first Motion to Vacate was pending (48 days) tolls the filing period, the instant motion is untimely. ECF No. 47. Additionally, Respondent asserts that Petitioner's Motion to Correct or Reduce Sentence pursuant to Fed. R. Crim. Proc. 35(a)[1] did not affect the date his conviction became final.

**Standard of Review**

As previously explained by this Court, to be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondent contributed to his delay in filing his Motion to Vacate, or that circumstances beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.

**Analysis**

In the instant case this Court must determine when the statute of limitations began to run

---

[1] "The filing of a motion under Federal Rule of Criminal Procedure 35(a) does not suspend the time for filing a notice of appeal from a judgment of conviction." Fed. R. App. P. 4(b)(5).

2

and whether Petitioner is entitled to equitable tolling. Petitioner alleges that counsel was deficient in failing to file a timely notice of appeal and relies upon *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) to support his position. Specifically he alleges that he verbally stated he wanted to file a Notice of Appeal immediately after sentencing and trial counsel neglected to file it. ECF No. 50 at p. 3. He further claims that appellate counsel was deficient in failing to raise trial counsel's neglect in the appeal and alleges the Court directed trial counsel to discuss the disadvantages and advantages of appealing the case. With respect to the basis for an appeal, Petitioner claims he had been advised he would receive no more than 36 months imprisonment. The actual sentence imposed was much greater, 78 months.

The Supreme Court case relied upon by Petitioner establishes that the test announced in *Strickland v. Washington*[2] regarding ineffective assistance of counsel[3] applies to claims that counsel failed to file a notice of appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The Court went on to observe that "[w]e have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id*., *citing Rodriquez v. United States*, 395 U.S. 327 (1969). The Court rejected a bright-line rule, however, finding instead:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea

---

[2] 466 U.S. 668 (1984).

[3] *Strickland* established a two-prong test to establish ineffective assistance of counsel: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant. *Id*. at 688.

3

> reduces the scope of potentially appealable issues and because such a
> plea may indicate that the defendant seeks an end to judicial proceedings.
> Even in cases when the defendant pleads guilty, the court must consider
> such factors as whether the defendant received the sentence bargained
> for as part of the plea and whether the plea expressly reserved or waived
> some or all appeal rights. Only by considering all relevant factors in a
> given case can a court properly determine whether a rational defendant
> would have desired an appeal or that the particular defendant sufficiently
> demonstrated to counsel an interest in an appeal.

*Flores-Ortega*, 528 U.S. at 480.

Petitioner pled guilty and waived his rights to appeal. ECF No. 50 at Att. 5. There is no indication in the transcript that Petitioner told his attorney he wanted to appeal. Rather, this Court advised counsel to check with Petitioner to see if he wanted to file an appeal and made mention of the 10-day filing deadline. *Id.* During the guilty plea hearing on April 13, 2009, Petitioner was advised that his base level for the offense of 24 was adjusted downward three levels to 21 and that an investigation into his criminal history would be considered before a sentence would be imposed. ECF No. 35 at pp. 8 – 10. Additionally, Petitioner was advised by the Court that he was waiving his right to appeal and that the only exception to the waiver would be if he received an illegal sentence. *Id.* at p. 11.

At the sentencing hearing held July 9, 2010, the sentence range was stated to be from 70 months to 87 months and no objection was offered by Petitioner or his counsel. ECF No. 36 at p. 3. Defense counsel advocated for a sentence below 70 months. *Id.* at pp. 3 – 6. The government, however, argued that Petitioner was not entitled to leniency in part due to his criminal background which included holding his "girlfriend hostage in the basement of their house for two hours while he had a loaded rifle which he shot to prove to her that it was loaded and threatened to kill her, their daughter, and himself." *Id.* at p. 7. After noting that Petitioner's criminal record was terrible and that one of the goals of imposing a sentence is to deter future

misconduct as well as send a message to others that they cannot disrespect the law, this Court sentenced Petitioner to serve 78 months. *Id*. at p. 14. Thus, the sentence was within the guideline range agreed upon by the parties and was not, as Petitioner contends, roughly double the length of time anticipated. Under these circumstances this Court cannot conclude that counsel's performance was deficient in failing to file a Notice of Appeal. Accordingly, the untimely Notice of Appeal that was filed did not toll the one-year limitations period.

Petitioner also asserts that his first Motion to Vacate should not have been withdrawn because he was represented by appellate counsel at the time and that it was error not to inform him that withdrawing his motion could result in a subsequent motion being time-barred. The assertion does not entitle Petitioner to an equitable tolling of the statute of limitations. To the extent he is asserting that his attorney's error caused the delay in filing, such error is insufficient for equitable tolling. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003) (attorney error is insufficient basis for equitable tolling). His lack of knowledge regarding the filing deadline is also an insufficient basis for equitable tolling. *See United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) (ignorance of the law even for pro se litigant is insufficient). Petitioner has failed to demonstrate extraordinary circumstances warranting an equitable tolling of the statute of limitations and, in light of the fact that the Motion to Vacate was filed beyond the statute of limitations, the Court will dismiss the motion as untimely.

When a district court dismisses a Motion to Vacate solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001)

(quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Petitioner has demonstrated neither; therefore, a Certificate of Appealability will be denied. A separate Order follows.

December 2, 2011 /s/
Alexander Williams, Jr.
United States District Judge